(No. 6041. October 19, 1933.)

STATE, Respondent, v. FRANK ALLEN, E. C. BALDWIN, and CLAUDE BEASLEY, Appellants.

[26 Pac. (2d) 177.]

L. R. Thomas and J. E. Good, for Appellants.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

HOLDEN, J.—Terrell S. Rich was the owner of a lumber shed located on the desert near the Fort Hall Indian Reservation in Bingham county. Some time between the first part of December, 1932, and the first part of January, 1933, the shed was torn down and hauled away. When torn down, according to the testimony of the owner and complaining witness, the shed was empty and contained no personal property, goods or chattels. Thereafter a criminal complaint was filed in the probate court of Bingham county charging the appellants and one E. C. Baldwin with the crime of burglary. A preliminary examination followed and appellants and Baldwin were held to answer that charge in the district court for Bingham county.

May 1, 1933, an information was filed, the charging part of which reads as follows:

"The said Frank Allen, E. C. Baldwin, and Claude Beasley on or about the 4th day of January, 1933, at the County of Bingham and the state of Idaho, and prior to the filing of this information did then and there willfully, unlawfully, and feloniously break and enter a certain barn or building belonging to Terrell S. Rich with intent then and there willfully, unlawfully, and feloniously to commit larceny therein."

Upon the trial Baldwin was acquitted and Allen and Beasley were convicted of second degree burglary and appeal.

Section 17–3401, I. C. A., defines burglary as follows:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent

to commit grand or petit larceny or any felony, is guilty of burglary."

Section 17–3402, I. C. A., defines the degrees of burglary as follows:

"Every burglary committed in the night-time is burglary of the first degree, and every burglary committed in the daytime is burglary in the second degree."

The conviction of appellants was based upon circumstantial evidence which tended to show that the shed was torn down and hauled away in the daytime.

■ ■ There is no evidence in the record that either of the appellants actually entered the shed, either to tear it down or to take anything therefrom, or for any other purpose, or that they entered the shed at all. To warrant a conviction for burglary, the evidence must be sufficient to prove affirmatively and beyond a reasonable doubt that there was such a breaking and entry as are necessary to constitute burglary, and evidence which leaves it wholly to conjecture, as in the case at bar, as to the manner in which an entry was effected, if at all, in the process of tearing the shed down, as well as to whether the shed was actually entered, is insufficient. (*Sorenson v. United States,* (C. C. A., 8th Cir.) 168 Fed. 785.)

■ The act of tearing down and hauling the shed away, as shown by the record in the case at bar, in and of itself, did not, and could not, constitute the crime of burglary, in the absence of the required proof that there was an entry with intent to commit grand or petit larceny, or any felony, as provided and required by section 17–3401, I. C. A.

The judgment of conviction is reversed and the cause remanded, with instructions to enter judgment exoneretur, discharge the appellants and dismiss the action.

Budge, C. J., and Givens, Morgan and Wernette, JJ., concur.